**FILED**

**FEBRUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 932**

| | |
|---|---|
| CEMENT MASONS PENSION FUND, LOCAL 502; CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; CEMENT MASONS SAVINGS FUND, LOCAL 502; and CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| J & L CONCRETE, INC., an Illinois corporation, | ) ) |
| Defendant. | ) |

No.

Judge

Magistrate Judge

**JUDGE ASPEN**
**MAGISTRATE JUDGE SCHENKIER**

### COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendant, J & L CONCRETE, INC., as follows:

### COUNT I

1.     (a)     Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S.C. Section 185(a) as amended.

       (b)     Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.     Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3.     (a)     The Plaintiffs in this count are the CEMENT MASONS PENSION

FUND, .LOCAL 502; CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; CEMENT

MASOSN SAVINGS FUND, LOCAL 502; AND CEMENT MASONS APPRENTICE

EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue

pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     Defendant, J & L CONCRETE, INC., **("J & L"),** is an Illinois corporation doing business within this Court's jurisdiction.  **J & L** is an employer engaged in an industry affecting commerce.

5.     Since **January 1, 2007, J & L** has agreed to be bound by successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Cement Masons Pension Funds on behalf of its employees by virtue of submitting signed monthly fringe benefit report forms to Plaintiffs (Exhibit "A").

6.     **J & L** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.     Plaintiffs are advised and believe that **January 1, 2007, J & L** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations

and its obligations under applicable state and federal statutes.

     **WHEREFORE**, Plaintiffs pray for relief as follows:

     A.    **J & L** be ordered to submit to an audit for the period **January 1, 2007 to the present**.

     B.    Judgment be entered on any amounts found to be due on the audit.

     C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

     D.    **J & L** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

     E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

               Respectfully submitted,

               **TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, et al.**

               By: _____
                    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 W. Jackson Blvd.
Chicago, IL 60604
(312) 236-0415

**NORTHERN ILLINOIS DISTRICT COUNCIL OF THE OPERATIVE PLASTERERS**
**& CEMENT MASONS INTERNATIONAL ASSOCIATION**

## MEMORANDUM OF AGREEMENT

This Agreement is entered into by and between Cement Masons and Plasterers Local Nos. 5, 11, 502, and 803 affiliated with the Northern Illinois District Council of the Operative Plasterers and Cement Masons International Association, AFL-CIO (collectively referred to as the "Union) and:;

_____J & L Concrete, Inc_____
(referred to as the "Employer").

WHEREAS, the Employer has entered into various collective bargaining agreements with the Northern Illinois District Council of the Operative Plasterers and Cement Masons International Association of the United States and Canada covering geographical areas including, the counties of, in their entirety, in the state of Illinois, Lee, Whiteside, Ogle, Carroll, JoDavies, Stephenson, McHenry, Kane, Kendall, DeKalb, Lake, Grundy, Will, Winnebago, Boone, LaSalle, Bureau, Putnam, DuPage, Cook, Kankakee, and Iroquois, and the counties of, in their entirety, in the state of Iowa, DuBuque, Delaware, Alamakee, Jackson, Clayton, and the eastern half of Jones.

THEREFORE, it is hereby AGREED as follows:

1.  The Employer recognizes the Union as the exclusive majority representative of all employees covered by this Agreement in the bargaining unit set forth in this agreement pursuant to section 9(a) of the Labor-Management Relations Act. This majority status has been established by the unions unequivocal demand for recognition as majority representative, the Employers unequivocal granting recognition of the unions majority 9(a) status based on the union having shown or having offered to show an evidentiary basis of the Unions majority support. Section 9(a) status may have resulted based on a National Labor Relations Board certification that the Union is a majority representative of the bargaining unit covered by this agreement.

2.  The Employer agrees to be bound to all Master Collective Bargaining Agreements between the Union and the various Employer Associations in the geographical jurisdiction of the      Union, and hereby incorporated herein with the same force and effects as if herein setforth in full, with respect to wages, hours of work, and fringe benefits, and all other terms and conditions of employment for all afore said Cement Mason, Plasterer, and Shop Hand employees who are, have been, or will become employed by the employer. The employer affirms the collective bargaining agreements between the union and the associations as applicable to it with all amendments thereto. The terms of this agreement shall control in the event of a conflict with the Associations agreements.

3.  The Employer agrees to pay the amounts which it is obligated to pay under the aforementioned Master Collective Bargaining Agreements to the Welfare, Defined Benefit and Defined Contribution Pension Plans, and all other fringe benefit funds named therein to become bound by and to be considered a party to the Trust Agreements upon which the funds are based; and acknowledges and agrees to be bound to by any and all separate agreements with the Trustees of the various funds, or any Agreements with the officials of the union, as if it has a signed the original copies of the Trust Instruments and any amendments thereto. The Employer ratifies and confirms the appointment of all of the Employer Trustees who shall, together with their Successor Trustees, designated in the manner provided in said Agreements and Declarations of Trust and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust Agreements.

1


EXHIBIT A

4.   The Employer further affirms and represents that all prior contributions to the various funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time; and that by making said prior contributions, the Employer evidenced the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made; acknowledges the report form to be sufficient instrument in writing to bind the Employer to the applicable agreements.  The Employer further agrees that the Trustees may, at any time have an audit made of the payroll records of the Employer in connection with said contributions and/or reports.  Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Funds by the Employer and where such audit discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employer ,if a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct.

5.   Employers covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Masons, Plasterers and Shop Hands.  The Employer agrees that it will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the Union.  Any Employer who contracts out or sublets any part of the work coming within the jurisdiction of the Union shall act as guarantor of each subcontractor for payment of employees wages and fringe benefits, including reasonable attorneys fees incurred in enforcing the provisions hereof.  Not withstanding any agreement to the contrary the Employers violation of any provision of the paragraph will give the Union the right to take any lawful action, including all remedies at law or equity.

6.   In the event of any changes in ownership, management or operation of the Employer's business, by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement.  This Agreement is applicable to all successors, transferors, and assigns of the Employer, whether corporate or otherwise.

7.   The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions,  or to accurately report hours to the fringe benefit funds as required by this Agreement.

8.   This document is the complete written agreement between the parties and can only be amended in writing by the parties.  No other oral representation shall be binding on either party, nor shall any party rely upon such oral statements that vary the terms of the written Agreement.

9.   The Employer and the Union agree that the territorial jurisdiction of the Union shall be covered by all Master Agreements between the Union and the various contractor associations as follows:
a.   Cement Masons Local Union 502 shall have jurisdiction over the county of Cook in the state of Illinois.
b.   Cement Masons Local Union 803 shall have jurisdiction over the county of DuPage in the state of Illinois.
c.   Plasterers Local Union 5 shall have jurisdiction over the counties of Cook, DuPage, DeKalb, Grundy, Kane, Kendall,LaSalle, Livingston, McHenry, and Will Counties in their entirety in the state of Illinois.
d.   Cement Masons and Plasterers local 11, Area 587 shall have jurisdiction over the counties of Lee, Whiteside, Ogle, Carroll, Jo Davies, Stephenson in their entirety in the state of Illinois.  The counties of Dubuque, Delaware, Allamakee, Jackson, Clayton, Jones in their entirety in the state of Iowa.
e.   Cement Masons and Plasterers Local 11 Area 638 shall have jurisdiction over the counties of McHenry, Kane, Kendall and DeKalb in their entirety in the state of Illinois.
f.   Cement Masons and Plasterers Local 11, Area 362 shall have jurisdiction over the county of Lake in its entirety in the state of Illinois.

2

g.    Cement Masons and Plasterers Local 11 Area 161 shall have jurisdiction over the counties of Grundy, Will, Kankakee, and Iroquois in their entirely in the state of Illinois.

h.    Cement Masons and Plasterers Local 11 Area 382 shall have jurisdiction over the counties of Winnebago and Boone in their entirety in the state of Illinois.

i.    Cement Masons and Plasterers Local 11 Area 297/858 shall have jurisdiction over the Counties of LaSalle, Bureau, and Putnam in their entirety in the state of Illinois.

j.    Cement Masons and Plasterers Local 11 Area 37 shall have jurisdiction over the counties of Kankakee and Iroquois in their entirety in the state of Illinois.

10.    The parties do hereby adopt the latest Master Agreements, and all approved amendments thereto and any future Master Agreements and Amendments thereto between the Union and the various employer associations or any successor association (s), signatory with Local Unions 5, 11, 502, and 803, of the Northern Illinois District Council of Plasterers and Cement Masons International Association of the United States and Canada. The parties do hereby adopt the terms and conditions of any and all Trust Fund Agreements recognized in said Agreements, accepting and ratifying the appointment of the Employer Trustees and their successors and agree to be bound by all terms and conditions thereof for the duration of such Collective Bargaining Agreement and any future Agreements and for the period of any subsequent extensions including any amendments which may be subsequently made.

11.    Either party desiring to amend or terminate the Collective Bargaining Agreements adopted in this Memorandum of Agreement must notify the other in writing at least sixty (60) days and not more than ninety (90) days prior to the expiration of the Collective Bargaining Agreement (s) which it seeks to amend or terminate.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Agreement this _1st_ day of _January_ , _2007_ .

_J&L Concrete, Inc._
**Employer/Company Name**

_Michael T. Borys_
**Signature/Title**

_1080 Cammuel Dr._
**Address** _Lake Zurich, IL. 60047_

**(847) 540-8560 Office**
**Phone**
**(708) 516-8764 Cell #**

_____
**P. Local Union No. 5**

_____
**C.M. Local Union No. 502**

_____
**C.M. Local Union No. 803**

_____
**C.M. & P. Local Union No. 11**

3